UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEREK KRAMER,**

      **Plaintiff,**

  v.

**AMERICAN ELECTRIC POWER EXECUTIVE SEVERANCE PLAN,** *et al.*,

      **Defendants.**

:

Case No. 2:21-cv-5501
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

:

:

## OPINION AND ORDER

This matter is before the Court on Derek Kramer's Objections to the Magistrate Judge's April 13, 2023 Opinion and Order (ECF No. 44) and Rule 56(d) Motion for Relief (ECF No. 43). The Objections and the Rule 56(d) Motion are fully briefed and ripe for review. For the reasons below, Mr. Kramer's Objections are **OVERRULED** and his Rule 56(d) Motion is **DENIED as moot**.

**I.    BACKGROUND**

American Electric Power Service Corporation ("AEP") established and maintains the American Electric Power Executive Severance Plan ("Plan," appearing at ECF No. 21-1, PAGEID # 155–80) to provide a select group of employees with severance benefits if their employment is involuntarily terminated. (*Id.,* § 1.1.) An "Involuntary Termination" means a "termination of employment initiated by [AEP] for any reason other than Cause." (*Id.*, § 2.18.) The AEP Board of Directors' Human Resources Committee (or its delegee) determines Cause "in its

sole and absolute discretion." (*Id.*, §§ 2.5, 2.8.) A Participant who is terminated for Cause is not entitled to receive Plan benefits. (*Id.*, § 4.3.)

AEP hired Mr. Kramer to serve as the Chief Digital Officer of AEP Charge in 2018. (ECF No. 21-1, PAGEID # 139.) AEP invited Mr. Kramer to participate in the Plan and he accepted. (*Id.*) Two years later, AEP terminated Mr. Kramer. (*Id.*) Mr. Kramer submitted a claim for Plan benefits totaling $750,000. (Compl., ECF No. 1, ¶ 14.) AEP denied the claim on the grounds that Mr. Kramer had been terminated for Cause. (ECF No. 21-1, PAGEID # 145–48.) Mr. Kramer appealed the decision, but did not succeed. (*Id.*, PAGEID # 289–92.) He later filed this action. (ECF No. 1.)

## II. PROCEDURAL BACKGROUND

Mr. Kramer filed a two-count Complaint asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1.) Although ERISA cases are usually restricted to the administrative record, *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (Gilman, J., concurring), the Court allowed Mr. Kramer to conduct limited discovery into allegations "regarding AEP's conflict of interest or bias." (ECF No. 24.) In response to Mr. Kramer's discovery requests, AEP produced documents and a privilege log. (ECF No. 37, PAGEID # 405–06; ECF No. 37-2.) The privilege log identified several hundred items withheld on the basis of the attorney-client and work product privileges. (*See* ECF No. 37-3.)

Discovery was set to close on December 16, 2022. (*See* ECF No. 31.) But on December 8, Mr. Kramer filed an unopposed motion for an extension of time to complete discovery. (ECF No. 32.) The Court extended the discovery period through

February 14, 2023, but cautioned that "[n]o further extensions will be granted." (ECF No. 33.)

On February 3, 2023, Mr. Kramer filed a Motion to Compel Production of Documents, arguing that 277 documents withheld on the basis of attorney-client privilege ("Subject Documents") are discoverable under ERISA. (ECF No. 35.) Two days later, he filed a Motion for Extension of Time to Conduct Discovery. (ECF No. 36.) On April 13, 2023, the Magistrate Judge denied both motions. (April 13 Order, ECF No. 42.)

Shortly before the Magistrate Judge issued the April 13 Order, AEP filed a Motion for Summary Judgment. (ECF No. 41.) Mr. Kramer has since requested to defer a substantive response until he receives additional discovery, citing Federal Rule 56(d). He seeks, among other things, the Subject Documents. Both Mr. Kramer's Objections to the April 13 Order and his Rule 56(d) Motion require a determination of whether the Subject Documents are discoverable.

### III. OBJECTIONS TO THE APRIL 13 ORDER

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th

3

Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

    A.    **Motion to Compel Production**

As to the Motion to Compel, Mr. Kramer argues that he is entitled to the Subject Documents because he is the "true client" under the "fiduciary exception" to the attorney-client privilege. (ECF No. 44.) AEP counters that the Plan is a "top-hat plan," to which the fiduciary exception does not apply. (ECF No. 45.)

The fiduciary exception to the attorney-client privilege requires an ERISA plan fiduciary to provide plan participants (and other beneficiaries) any communications with an attorney intended to help administer the plan. *Duncan v. Minn. Life Ins. Co.*, No. 3:17-cv-00025, 2019 WL 3000692, at *2 (S.D. Ohio July 10, 2019) (Ovington, M. J.) (citing *Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 595 (6th Cir. 2012)). The Supreme Court has cited two reasons for this exception, both rooted in ERISA's fiduciary tradition. First, a plan's beneficiaries are the attorney's "real clients" when she is providing advice on plan administration. *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 172 (2011). And second, the fiduciary's duty to provide information to plan beneficiaries outweighs the interest in the attorney-client privilege. *Id.*

But top-hat plans are not ordinary ERISA plans. A top-hat plan is "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly

4

compensated employees." 29 U.S.C. § 1101(a)(1); *see Bakri v. Venture Mfg. Co.*, 473 F.3d 677, 678 n. 1 (6th Cir. 2007). Congress reasoned that managers and highly paid employees have greater power to influence the "design and operation" of their benefit plans, so "would not need" all the rights and protections afforded to rank-and-file ERISA plan participants. DOL, Office of Pension and Welfare Benefit Programs, Opinion 90-14A, 1990 WL 123933, at *1 (May 8, 1990). As a result, ERISA exempts top-hat plans from many of its provisions, including those which impose fiduciary duties. *See* 29 U.S.C. §§ 1101(a)(1), 1104.[1] The fiduciary exception thus does not apply to top-hat plans. *See Simpson v. Mead Corp.*, 187 F. App'x 481, 484 (6th Cir. 2006).

In the April 13 Order, the Magistrate Judge found that the Plan is a top-hat plan and that the Subject Documents are protected by attorney-client privilege. (*Id.*) Mr. Kramer objects, arguing that the Plan was not "established primarily for the purpose of providing deferred compensation" and that the April 13 Order's conclusion otherwise was clearly erroneous and contrary to law. (ECF No. 44, PAGEID # 522.) Mr. Kramer offers two arguments to support his contention. First, he argues that, under the definitions provided in Internal Revenue Code Section 409A, 26 U.S.C. § 409A, the Plan does not "defer compensation" and thus it cannot be a top-hat plan. Second, he argues that AEP's past conduct implies that the Plan is not a top-hat plan. Neither argument is availing.

---

[1] *See also* 29 U.S.C. §§ 1051(2), 1081(a)(3).

### i. Section 409A

The Magistrate Judge found that the Plan was established primarily for the purpose of providing deferred compensation. She cited the Ninth Circuit's decision in *Duggan v. Hobbs,* 99 F.3d 307 (9th Cir. 1996), which this Court agrees is instructive. There, the appellate court considered whether a severance plan similar to the one in this case defers compensation such that it can be a top-hat plan. Duggan, a participant in his former employer's severance plan, argued that the plan did not provide for deferred compensation because participants were not permitted to "elect[] to defer the receipt of compensation." *Id.* at 310. The Ninth Circuit rejected this argument because the policy underlying the top-hat plan designation does not support such a narrow reading of the term, *id.* (citing DOL Opinion 90-14A, 1990 WL 123933); other courts have found executive severance plans could be top-hat plans, *id.* at 311 (citing *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 1989)); and at least one Treasury regulation suggests that a plan defers compensation any time payments are made significantly after services are rendered, *id.* (citing Temp. Treas. Reg. § 1.404(b)-1T, Q&A-2). Here, the Magistrate Judge also considered whether the Plan defers compensation. She reasoned that the purpose and effect of the top-hat plan provisions, and interpretations of them by courts and executive agencies, "counsel[] in favor of giving a wider latitude to the meaning of deferred compensation. Because the Plan provides future compensation for past work, . . . [the Plan] primarily provides deferred compensation." (April 13 Order, 12.) The Court finds no error in the Magistrate Judge's reasons or conclusion.

6

### ii. AEP's Past Conduct

Mr. Kramer also argues that AEP's conduct demonstrates that the Plan is not a top-hat plan. He relies on AEP's failure to make a timely top-hat plan filing and Andrew Carlin's failure to mention in a sworn declaration that the Plan defers compensation.[2] These arguments fail.

ERISA plans are ordinarily subject to annual reporting and disclosure requirements. Top-hat plans are exempt from this requirement, in favor of a one-time registration statement that must be filed with the Department of Labor. *See* 29 C.F.R § 2520.104-23(b). Although the Plan was adopted in 2014, AEP did not file a top-hat plan statement until after Mr. Kramer submitted his discovery requests. Pointing to this fact, Mr. Kramer argues that AEP did not intend the Plan to be a top-hat plan until it became advantageous to do so in this lawsuit. But, as AEP points out, it also never filed annual disclosures. The untimely filing does not demonstrate that the Magistrate Judge's conclusion was clearly erroneous or contrary to law. *See Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 290 (2d Cir. 2000).

Mr. Kramer next argues that Mr. Carlin's testimony (*see* ECF No. 37-4) is silent on whether the Plan defers compensation, and is thus an admission that the Plan does not defer compensation. The Magistrate Judge accepted Mr. Carlin's declaration as a "helpful supplementation" to the other materials submitted but declined to interpret it as an admission that the Plan does not defer compensation.

---

[2] Andrew Carlin is AEP's Director of Compensation and Executive Benefits. (ECF No. 37-4.)

(April 13 Order, PAGEID # 499, 504–05. *See also* ECF No. 39, PAGEID # 460.) The Court is not persuaded that doing so was clearly erroneous or contrary to law.

### B. Motion for Extension of Time

Shortly after moving to compel, Mr. Kramer moved to extend the discovery cut-off so that he could conduct yet-to-be-noticed depositions. The Magistrate Judge concluded that Mr. Kramer did not exercise diligence in seeking deposition discovery and so denied the motion. (April 13 Order, PAGEID # 507.) Having reviewed the record and arguments, this Court finds no reason to disagree.

\* \* \*

Mr. Kramer's objections to the Magistrate Judge's April 13 Order denying his Motion to Compel Production of Documents and Motion for Extension of Time to Complete Discovery are **OVERRULED**. The Magistrate Judge's April 13 Order is **ADOPTED** and **AFFIRMED**.

### IV. RULE 56(d) MOTION

The Court next examines Mr. Kramer's Rule 56(d) Motion for Relief. (ECF No. 41.) Mr. Kramer seeks to delay responding to AEP's Motion for Summary Judgment until he obtains the Subject Documents and conducts depositions. (*Id*.) In light of this Court's ruling on Mr. Kramer' s Objections to the April 13 Order, his Rule 56(d) Motion is **DENIED as moot**.

### V. CONCLUSION

For the reasons set forth above, Mr. Kramer's Objections to the April 13 Order (ECF No. 44) are **OVERRULED**. Mr. Kramer's Rule 56(d) Motion for Relief

8

(ECF No. 43) is **DENIED as moot**. Mr. Kramer is **ORDERED** to respond to AEP's Motion for Summary Judgment **within fourteen days**.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**